

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 06-00541-JW |
| Itai Takaendesa Mupanduki, | Chapter 13 |
| Debtor(s). | **ORDER** |

This matter came before the Court on Itai Takaendesa Mupanduki's objection to a proof of claim filed by Melissa Brown ("Creditor"). In the objection to Creditor's claim, Debtor contested the treatment of Creditor's claim as "domestic support obligation" entitled to priority treatment. Creditor filed a timely response to Debtor's objection to claim.

Creditor served as Debtor's domestic relations counsel from March, 2005, until October, 2005. During the course of the representation, Debtor became indebted to Creditor for the services that she provided. In order to qualify for priority treatment pursuant to 11 U.S.C. § 507(a)(1),[1] Creditor must show that her claim is a domestic support obligation. The provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005[2] amended § 101 to provide subsection 14A, which provides a statutory definition for a "domestic support obligation."

Section § 101(14A) of the Bankruptcy Code in relevant part provides that a "domestic support obligation" means a debt that is -

> (A) owed to or recoverable by —(i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or (ii) a governmental unit....

In this case, Creditor is not the spouse, former spouse, or child of the Debtor. Nor is she a parent, legal guardian, responsible relative or a governmental unit. Because Creditor's claim is

---

[1] Further references to the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) shall be made by section number only.
[2] Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 (2005) (codified in scattered sections of 11 U.S.C.).

not "owed to" or "recoverable by" the individuals or entities described under § 101(14A)(A), her claim cannot be a "domestic support obligation." The Court also notes that Creditor did not present sufficient legal authority demonstrating that her claim is entitled to be treated as a "domestic support obligation" under § 101(14A).[3]

Under the Bankruptcy Code, an unsecured creditor is entitled to priority treatment for "allowed unsecured claims for *domestic support obligations* that, as of the date of the filing of the petition in a case under this title are owed to or recoverable by a spouse, former, or child of the debtor or such child's parent, legal guardian or responsible relative...." 11 U.S.C. § 507(a)(1)(A) (emphasis added). Under the circumstances, Creditor's failure to establish that her claim is a "domestic support obligation" pursuant to § 101(14A) prevents her claim from receiving priority treatment pursuant to § 507(a)(1).

Therefore, in light of foregoing reasons provided, the Court finds that the proof of claim filed by Creditor is not a "domestic support obligation" that is entitled to priority treatment pursuant to § 507. Accordingly, Debtor's objection to proof of claim is sustained; and thus, Creditor's proof of claim shall be allowed as a general unsecured claim *without* priority in the amount of $16,414.28.

**AND IT IS SO ORDERED.**

UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
June 26, 2006

---

[3] Creditor cited the case of In re O'Brien, 339 B.R. 529 (Bankr.D.Mass.2006) for the proposition that an evidentiary hearing is mandated to allow the presentation of proof that her claim qualifies as a "domestic support obligation." The Court conducted a hearing on Debtor's objection to claim, and at that time, the Court considered all of the arguments and evidence that Creditor presented in order to determine whether her claim is a "domestic support obligation" under the provisions of the Bankruptcy Code.